(C. D. 939)

W. X. HUBER CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 5, 1945)

*Philip Stein* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*James F. Donnelly* and *Sybil Phillips*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: The merchandise involved in these three protests, which have been consolidated, was invoiced in Chinese yuan dollars,

which were converted into United States dollars at the exchange rate under section 522 (c) of the Tariff Act of 1930. As to the entries covered by protests 933730–G and 933729–G, the collector used as a basis for conversion the buying rate for the day prior to the actual date of exportation, inasmuch as the actual·date of exportation fell either on a holiday or a Sunday. The actual date of exportation in the case of protest No. 933731–G was used, which plaintiff's counsel conceded at the hearing was July 23, 1936. Plaintiff's counsel further conceded that there was no dispute as to the date of sailing in any of the cases. However, it is claimed by the plaintiff that the collector should have applied the rate proclaimed by the Secretary of the Treasury for the quarter in which the particular dates of exportation fell, under section 522 (b) of the act of 1930. As to the protests enumerated in which the sailing date fell on Sunday or a holiday, plaintiff claims that there were no buying rates certified on the dates of exportation in those cases, therefore the proclaimed rate for the quarter in which the vessel sailed should be taken. The statute, said section 522 (c), provides:

* * * If the date of exportation falls upon a Sunday or holiday, then the buying rate at noon on the last preceding business day shall be used.

We therefore find no merit in that claim, and will consider all three entries as being in the same category.

For convenience of reference we set forth below the respective protest numbers, dates of exportation, and rate used by the collector in conversion.

| Protest No. | Exported | Certified buying rate used by collector | |
|---|---|---|---|
| 933729–G | Aug. 2, 1936 | Rate for preceding day, Aug. 1, 1936, $0.300000. | T. D. 48466, 70 Treas. Dec. 178. |
| 933730–G | July 4, 1936 (holiday). | Rate for preceding day, July 3, 1936, $0.299375. | T. D. 48434, 70 Treas. Dec. 96, 97. |
| 933731–G | July 23, 1936 | $0.300000 | T. D. 48450, 70 Treas. Dec. 142. |

Section 522 (c) provides that the procedure therein outlined shall be used when there is no proclaimed rate as provided in subsection (a), or where such proclaimed rate varies by 5 per centum or more from the daily buying rate as certified by the Federal Reserve bank. In the instant case the Secretary, under date of July 1, 1936, proclaimed and published in T. D. 48431, 70 Treas. Dec. 92, the values of foreign monetary units in terms of the money of account of the United States. Insofar as pertinent here the following appears therein:

| Country | Legal standard | Monetary unit | Value in terms of U. S. money | Remarks |
|---------|----------------|---------------|-------------------------------|---------|
| China | | Yuan | | Silver standard abandoned by decree of Nov. 3, 1935; bank notes made legal tender under Currency Board control; exchange rate for British currency primarily fixed at about 1s. 2½d., or about 29½¢ U. S., per yuan. |

Plaintiff states in his brief that the above constitutes the proclaimed rate and that as 29½ cents is not a variation of 5 per centum from the buying rates set forth above, this alleged proclaimed rate should have been used as the basis for conversion by the collector. We find no merit in this contention. An inspection of the Secretary's proclamation will show that the column entitled "Value in terms of U. S. money" is left blank. We know of no authority under which it can be held that the material appearing under the heading of "Remarks" can be considered such proclaimed value.

We therefore find that at the beginning of the quarter in which the vessel sailed in this case there was no proclaimed rate as that term is used in said section 522 (a). We further find that the action of the collector in converting the currency of the respective invoices at the buying rate as certified by the Federal Reserve bank on the respective dates of exportation was in conformity with the statute.

Judgment will be rendered for the defendant.